**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3208-22

SHAWN LABEGA,

     Plaintiff-Respondent,

v.

HETAL C. JOSHI, M.D.,
JONATHAN BORJA, PA-C, and
TEAMHEALTH HOLDINGS, INC.
a/k/a TEAMHEALTH,

     Defendants-Respondents,

and

MARY V. WHITECAVAGE, R.N.,
COLLEEN T. MURPHY, R.N.,
CAROLYN HUDAK, R.N., JFK
MEDICAL CENTER, and
HACKENSACK MERIDIAN
HEALTH,

     Defendants,

and

MIDDLESEX EMERGENCY
PHYSICIANS, PA,

Defendant-Appellant.

_____

Argued January 18, 2024 – Decided February 1, 2024

Before Judges Accurso and Gummer.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-3088-18.

Ryan Alan Notarangelo argued the cause for appellant North Jersey Emergency Physicians PA, d/b/a Middlesex Emergency Physicians, PA (Dughi, Hewit & Domalewski, attorneys; Mark Alan Petraske, of counsel; Ryan Alan Notarangelo, on the briefs).

Bruce H. Nagel argued the cause for respondent Shawn Labega (Nagel Rice, LLP, attorneys; Bruce H. Nagel and Robert H. Solomon, of counsel and on the brief).

Kenneth M. Brown argued the cause for respondent Hetal C. Joshi, M.D. (Weber Gallagher Simpson Stapleton Fires & Newby LLP, attorneys, join in the brief of appellant North Jersey Emergency Physicians PA).

Jay Judah Blumberg argued the cause for respondent Jonathan Borja, PA-C (Blumberg & Wolk LLC, attorneys, join in the brief of appellant North Jersey Emergency Physicians, PA, and amicus curiae New Jersey Hospital Association).

James J. DiGiulio argued the cause for amicus curiae New Jersey Hospital Association (O'Toole Scrivo, LLC, attorneys; James J. DiGiulio, of counsel and on the brief; Antonio A. Vayas, on the brief).

2

Anthony Cocca argued the cause for amicus curiae New Jersey Defense Association (Cocca & Cutinello, LLP, attorneys; Anthony Cocca and Katelyn E. Cutinello, of counsel and on the brief).

PER CURIAM

On the first day of jury selection in this medical-negligence case, plaintiff's counsel made an oral application to bar defendant Middlesex Emergency Physicians from participating in the trial, arguing its only exposure was vicarious based on the alleged negligence of its employee, defendant Jonathan Borja, who had his own counsel at trial. The trial court agreed with plaintiff's counsel that he shouldn't be "double teamed" and severed plaintiff's claim against Middlesex. We granted Middlesex's motion for leave to appeal, staying the trial, and now reverse. Plaintiff is, of course, free to dismiss his claim against Middlesex if he doesn't want separate lawyers for Borja and Middlesex arrayed against him at trial. He may not, however, both maintain his claim against Middlesex and prevent it from defending itself and its employee, as doing so would deprive Middlesex of its constitutional right to a jury trial. Springing the motion on Middlesex on the first day of trial deprived it of due process.

Plaintiff sued Middlesex, along with other individuals and entities, alleging Middlesex was "a licensed emergency medical practice" that was

vicariously liable for the negligent acts or omissions of its agents and employees, specifically referencing defendant Borja. Plaintiff seeks a judgment against Middlesex "for damages, interest and costs of suit." Middlesex participated in discovery, motion practice, and a prior interlocutory appeal in this case. Before trial, plaintiff did not move to sever its claims against Middlesex or otherwise seek to prevent Middlesex from participating in the trial.

On the first day of trial, plaintiff's counsel made an oral application to bar Middlesex and its counsel from participating in the trial. Contending Middlesex's "role [was] solely vicarious liability," plaintiff's counsel argued, without citing any supporting law, that permitting Middlesex and its counsel to participate in the trial would be "gilding the lily" and "overloading the defense" because Borja was represented by a different lawyer and "because there is no sense in defending [Borja]. What [Middlesex's attorney] is trying to do is he's really defending the coverage issue."

After hearing argument, the trial judge initially decided he was "dismissing as against them, Middlesex . . . , because I don't think they have anything to do with this case. And down the road, when and to what extent you have any indemnification issue with them, fine." Plaintiff's counsel complained:

> I don't want a dismissal. I want the party to remain. I
> just don't want another counsel doing double work. So

A-3208-22

> if Your Honor is going to dismiss them, . . . I absolutely can't have that, because they will then argue, if I get a verdict, I have no right against them because they were dismissed.
>
> . . . .
>
> I'm not asking for a dismissal.  I'm asking that they be severed out so that we can collect against them down the road.  So they're not here, but that piece is severed out.  That's what I'm asking for.

The judge responded, "I think you finally hit the right word.  Severed.  It's severed.  This way he's got his case, but your claim survives," and held, "Middlesex . . . is severed from this matter for purposes of this trial."  The court clerk questioned what the judge meant by severed, and the judge explained, "That's the whole thing.  Just severed.  It's severed."

The judge subsequently entered an order directing that "[a]ll claims against defendant Middlesex . . . be and are hereby severed from trial."  The judge did not refer in the order or on the record to any future trial of the severed claims against Middlesex.  We granted Middlesex leave to appeal the order and stayed the trial pending our disposition of that appeal.  We now reverse and vacate the order.

The right to a trial by jury goes back to the very founding of our nation.  In the Declaration of Independence, Thomas Jefferson enumerated the reasons

5

why the States sought their independence from Great Britain and its king, including that Americans had been deprived "of the benefit of Trial by Jury." The Declaration of Independence para. 20 (U.S. 1776). The Seventh Amendment to the United States Constitution "preserved" the "right to trial by jury" in "Suits at common law." U.S. Const. amend. VII. "The founders of our Nation considered the right of trial by jury in civil cases an important bulwark against tyranny and corruption, a safeguard too precious to be left to the whim of the sovereign, or, it might be added, to that of the judiciary." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 343 (1979) (Rehnquist, J., dissenting).

And it goes back to the founding of our state. New Jersey's Constitution of 1776 provided: "the inestimable Right of Trial by Jury shall remain confirmed, as a Part of the Law of this Colony without Repeal for ever." N.J. Const. of 1776 art. XXII. New Jersey's Constitution of 1844 reaffirmed that core principle, stating "[t]he right of trial by jury shall remain inviolate . . . ." N.J. Const. of 1844 art. I, ¶ 7. The same language appears in our 1947 Constitution. See N.J. Const., art. I, ¶ 9.

The order at issue purports to "sever[]" the claims against Middlesex from the trial, but what it really and clearly is doing is depriving Middlesex of its constitutional right to a jury trial. A trial judge may sever claims "for the

A-3208-22

convenience of the parties or to avoid prejudice," R. 4:38-2(a), and may direct that "the issues of liability and damages be separately tried" if a trial as to all issues would be "complex and confusing" and separate trials would result in "a substantial saving of time," R. 4:38-2(b).  See Lanzo v. Cyprus Amax Minerals Co., 467 N.J. Super. 476, 529 (App. Div. 2021) (describing the balancing analysis courts use to decide severance motions); Tobias v. Cooper Med. Ctr., 136 N.J. 335, 345 (1994) (describing the bases for separate trials).  In an abuse of discretion, the trial judge made no such findings before issuing the severance order.  The judge's failure to make those findings and to provide for any future trial of the claims against Middlesex in either the order or his decision on the record along with plaintiff's counsel's stated intention  —  "I'm asking that [Middlesex] be severed out so that we can collect against them down the road" — leave no doubt as to the effect of the order:  the case would be tried and a verdict on liability and damages would be reached without the participation of one of the named defendants.  That's an untenable deprivation of a fundamental constitutional right.[1]

---

[1] Plaintiff's reliance on Kane v. Hartz Mountain Industries, Inc., 278 N.J. Super. 129, 146 (App. Div. 1994), aff'd o.b., 143 N.J. 141 (1996), is misplaced.  At issue in Kane was whether the trial court had erred by allowing a third-party defendant, which had not been named by the plaintiff as a defendant, to

And the manner in which plaintiff's application was made and decided deprived Middlesex of its due-process rights. "Fundamentally, due process requires an opportunity to be heard at a meaningful time and in a meaningful manner." Doe v. Poritz, 142 N.J. 1, 106 (1995). "The minimum requirements of due process, therefore, are notice and the opportunity to be heard." Ibid.; see also Thomas Makuch, LLC v. Twp. of Jackson, 476 N.J. Super. 169, 187 (App. Div. 2023). Plaintiff gave Middlesex no notice of his application and thereby deprived Middlesex of any opportunity to prepare its opposition and present a meaningful response. That procedure does not comport with any concept of due process.

Characterizing plaintiff's application as a motion in limine does not excuse the flawed procedure followed here. Even a motion in limine requires notice. See R. 4:25-7(b); Pretrial Information Exchange, Pressler & Verniero, Current N.J. Court Rules, App. XXIII to R. 4:25-7(b), ¶ 4, www.gannlaw.com (2024). Moreover, plaintiff's application was not a straightforward motion to exclude a piece of evidence or a party's presentation of a witness. With no advance notice,

---

participate in the trial of the plaintiff's claims against the named defendants instead of severing the trial of the third-party claim against that third-party defendant. Ibid. Middlesex is a defendant, not a third-party defendant, and, thus, has a constitutional right to participate in the trial of plaintiff's claims.

plaintiff sought on the first day of trial to prevent Middlesex from participating in the trial, thereby excluding entirely the presentation of its case, while keeping it on the hook for any subsequent damage award. No precedent supports granting that application because it simply isn't fair. See Seoung Ouk Cho v. Trinitas Reg'l Med. Ctr., 443 N.J. Super. 461, 473 (App. Div. 2015) ("our primary goal . . . is to adjudicate cases fairly and impartially" (quoting Klier v. Sordoni Skanska Constr. Co., 337 N.J. Super. 76, 83 (App. Div. 2001))).

Reversed, vacated, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3208-22